# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EDWARD OTTINGER, JR. (1),<br><br>Defendant. | Case No.: 10-cr-05016-H-1<br><br>**ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)**<br><br>[Doc. No. 1768.] |

On October 6, 2023, Defendant Michael Edward Ottinger, Jr., proceeding pro se, filed a second motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] (Doc. No. 1768.) On December 15, 2023, the Government filed a response in opposition to Defendant's second motion for compassionate release. (Doc. No. 1774.) For the reasons set forth below, the Court denies Defendant's second motion for compassionate release.

---

[1] Defendant previously filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on September 22, 2022, (Doc. No. 1739), which the Court denied on April 17, 2023. (Doc. No. 1764.)

1

**Background**

On October 6, 2011, the Government filed a second superseding indictment charging Defendant, among others, with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 46.) On June 4, 2012, Defendant, pursuant to a plea agreement, pled guilty before the Magistrate Judge to the single count of conspiracy to distribute methamphetamine charged in the second superseding indictment. (Doc. Nos. 641, 647, 652.) On June 7, 2012, the Magistrate Judge issued her findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 643). On June 21, 2012, this Court adopted the findings and recommendation of the Magistrate Judge and accepted the Defendant's guilty plea to count 1 of the second superseding indictment. (Doc. No. 701.)

On December 3, 2012, the Court sentenced Defendant to a custodial term of 262 months (21 years and 10 months) followed by five years of supervised release. (Doc. Nos. 998, 1018.) The Court entered a judgment on December 5, 2012. (Doc. No. 1018.)

On November 18, 2013, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. (Doc. No. 1254.) On July 7, 2014, the Court denied Defendant's § 2255 motion, and the Court denied Defendant a certificate of appealability. (Doc. No. 1450.) Defendant appealed the Court's July 7, 2014 order to the United States Court of Appeals for the Ninth Circuit. (Doc. No. 1455.) On March 13, 2015, the Ninth Circuit denied Defendant's request for a certificate of appealability. (Doc. No. 1535.) On December 15, 2020, the Court granted Defendant's motion to compel U.S. Probation to amend his presentence report ("PSR"). (Doc. No. 1681.)

On September 22, 2022, Defendant filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 1739.) In support of his September 22, 2022 motion for compassionate release, Defendant argued that two "extraordinary and

1  compelling reasons" were present in his case. (Doc. No. 1739-1 at 1-2; Doc. No. 1761 at
2  1.) First, Defendant contended that the sentence he received containing a "career offender"
3  enhancement is grossly disproportionate to the sentence he would have received had he
4  been sentenced today following the passage of the First Step Act. (Id.) Second, Defendant
5  argued that his age and pre-existing medical conditions place him at an increased risk of
6  serious illness or death should he contract COVID-19. (Id. at 2.)

7  On April 17, 2023, the Court denied Defendant's September 22, 2022 motion for
8  compassionate release. (Doc. No. 1764.) In the order, the Court concluded that there are
9  no "extraordinary and compelling reasons" that would warrant a sentencing reduction.
10 (See id. at 5-11, 14.) As to Defendant's argument regarding the First Step Act, the Court
11 explained that the argument failed because "even if the Court had sentenced Defendant
12 after the passage of the First Step Act in 2018, he still would have qualified for a "career
13 offender" enhancement under § 4B1.1(b)(1) resulting in an adjusted offense level of 37,
14 and, therefore, the Court would have made the exact same sentencing calculations that it
15 did in determining his sentence. (See id. at 5-11.) As to Defendant's argument regarding
16 the COVID-19 pandemic, the Court noted that Defendant has received consistent treatment
17 for his medical conditions, received both doses of the Pfizer COVID-19 vaccine along with
18 the Moderna booster, and that Defendant had contracted and recovered from COVID-19.
19 (Id. at 11.) Thus, the Court concluded that Defendant's pre-existing medical conditions
20 coupled with the COVID-19 pandemic are not an extraordinary and compelling reason to
21 reduce his sentence. (Id.) In addition, the Court denied Defendant's September 22, 2022
22 motion for compassionate release on the additional ground that after considering and
23 weighing the § 3553(a) factors, the requested sentencing reduction is not warranted under
24 the particular circumstances of Defendant's case. (See id. at 12-14.)

25 On May 8, 2023, Defendant appealed the Court's denial of his September 22, 2022
26 motion for compassionate release to the Ninth Circuit. (Doc. No. 1765.) Defendant's
27 appeal of his September 22, 2022 motion for compassionate release is currently pending
28

before the Ninth Circuit. By the present motion, Defendant moves a second time pursuant to 18 U.S.C. § 3582(c)(1)(A) to reduce his sentence of imprisonment. (Doc. No. 1768.)

## Discussion

### I. Legal Standards

"'"A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A). See Aruda, 993 F.3d at 799; United States v. Wright, 46 F.4th 938, 944 (9th Cir. 2022).

Section 3582(c)(1)(A) provides:

> (c) **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
> > (1) in any case--
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A); accord Aruda, 993 F.3d at 799–800.

When as here a defendant moves for compassionate release under § 3582(c)(1)(A)(i), a district court "may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." United States v. Chen, 48 F.4th 1092, 1094–95 (9th Cir. 2022); see Wright, 46 F.4th at 945. "Although a district court must conclude that a defendant satisfies all [these] predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." Wright, 46 F.4th at 945 (citing Keller, 2 F.4th at 1284).

The Ninth Circuit has explained that because "compassionate release derogates from the principle of finality, it is a 'narrow' remedy." Id. at 944 (citing Freeman v. United States, 564 U.S. 522, 526 (2011)). Further, a district court's "disposition of a compassionate release motion 'is discretionary, not mandatory.'" Id. at 945 (quoting United States v. Jones, 980 F.3d 1098, 1106 (6th Cir. 2020)). In addition, "[a]s the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction." United States v. Grummer, 519 F. Supp. 3d 760, 762 (S.D. Cal. 2021) (citing United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016)); see, e.g., Wright, 46 F.4th at 951 ("it was [defendant]'s burden to establish his eligibility for compassionate release").

## II.   Analysis

### A.   Section 3553(a) Factors

In considering a motion for compassionate release, a district court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted 'under the particular circumstances of the case.'" Wright, 46 F.4th at 945. The § 3553(a) factors "include, among other things: (1) the defendant's

personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants." Id. at n.4 (citing 18 U.S.C. § 3553(a)).

In its April 17, 2023 order denying Defendant's September 22, 2022 motion for compassionate release, the Court considered and weighed the § 3553(a) factors as follows:

> Defendant was the Sergeant-at-Arms of the Hell's Angels Motorcycle Club and had a supervisory role in a methamphetamine distribution ring in San Diego as part of his association with that club. (Doc. No. 906, PSR ¶¶ 5, 13-20, 30; see also Doc. No. 1266 at 3.) Defendant has multiple prior felony convictions, including multiple convictions related to drug trafficking. (See Doc. No. 906, PSR ¶¶ 42-59.) Indeed, Defendant was determined to be a "career offender" under § 4B1.1(b)(1) due to his lengthy criminal history. (See Doc. No. 1266 at 22; Doc. No. 906, PSR ¶ 32.) Defendant's history of drug trafficking demonstrates that he poses a danger to the public. See United States v. Enriquez, No. 3:17-CR-03293-BEN-1, 2021 WL 3772379, at *8 (S.D. Cal. Aug. 24, 2021) ("'[a] drug trafficker is, by legal definition, a danger to the community'" (quoting United States v. Ailemen, 165 F.R.D. 571, 596 (N.D. Cal. 1996))); United States v. Rodriguez, No. 17CR1596-CAB, 2023 WL 1934326, at *3 (S.D. Cal. Feb. 10, 2023) ("As courts have consistently recognized, the proliferation of dangerous addictive narcotics is a significant public and societal harm."); United States v. Lopez-Ontiveros, No. 15-CR-575-GPC-1, 2020 WL 5909530, at *4 (S.D. Cal. Oct. 6, 2020) (Defendant "endangered the public by placing over 45 kilograms of methamphetamine into the community.").
>
> In addition, Defendant was known to use violence or threats of violence to help control methamphetamine distribution activity for the Hell's Angels. (Doc. No. 906, PSR ¶¶ 16, 20, 27; see also Doc. No. 1266 at 8-9.) Further, despite his attempts to demonstrate rehabilitation while in custody, a review of Defendant's BOP record show that, during his time in custody, Defendant has been disciplined on multiple occasions, including for multiple incidents of assaulting another inmate. (See Doc. No. 1758, Ex. B.) Defendant's history of violent conduct also demonstrates the danger to public safety that Defendant would pose if released.

> In light of the seriousness of the offense, the Defendant's criminal history, the need to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct, the Court sentenced Defendant to a custodial term of 262 months. Balancing these factors along with the factors raised by Defendant, (see Doc. No. 1739-1 at 20-26; Doc. No. 1761 at 5-9), the Court concludes that a sentencing reduction is not warranted here, particularly in light of the underlying criminal conduct and the Defendant's lengthy criminal history.

(Id. at 12-13.)

The Court's reasoning, analysis, and ultimate conclusion regarding the § 3553(a) factors remain correct. As such, the Court denies Defendant's October 6, 2023 motion for compassionate release on the ground that the requested sentencing reduction is not warranted after considering and weighing the § 3553(a) factors. See Wright, 46 F.4th at 945 (explaining that a district court can deny a motion for compassionate release if the requested sentencing reduction is not warranted after considering and weighing the § 3553(a) factors).

B.    Extraordinary and Compelling Reasons

Although the Court denies Defendant's October 6, 2023 motion for compassionate release on the separate and independent ground that the requested sentencing reduction is not warranted after considering and weighing the § 3553(a) factors, the Court will also address Defendant's contentions that extraordinary and compelling reasons warrant a sentencing reduction in his case. After considering Defendant's arguments, Defendant has failed to demonstrate an "extraordinary and compelling reason" to reduce his sentence.

Congress provided no statutory definition of "extraordinary and compelling reasons" in 18 U.S.C. § 3582(c)(1)(A). Aruda, 993 F.3d at 800. "Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" Id. (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" can be found at U.S.S.G. § 1B1.13. Id. Section 1B1.13(b) provides:

> (b) Extraordinary and Compelling Reasons.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
>> (1) Medical Circumstances of the Defendant.--
>>
>>> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (B) The defendant is--
>>>
>>>> (i) suffering from a serious physical or medical condition,
>>>>
>>>> (ii) suffering from a serious functional or cognitive impairment, or
>>>>
>>>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>>>
>>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>>
>>> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>>>
>>> (D) The defendant presents the following circumstances--
>>>
>>>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>>>
>>>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe

>   medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
>   (iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--

>   (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
>   (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>   (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
>   (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

>   (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
>   (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.
>
> (5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Ninth Circuit has held that that because "the [former] version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant," "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Aruda, 993 F.3d at 802; accord United States v. Roper, 72 F.4th 1097, 1101 (9th Cir. 2023); see also United States v. Wooten, No. 21-50126, 2021 WL 6116632, at *1 (9th Cir. Dec. 27, 2021) ("U.S.S.G. § 1B1.13 'remains helpful guidance even when motions are filed by defendants'" (quoting United States v. McCoy, 981 F.3d 271, 282 n.7 (4th Cir. 2020))). However, U.S.S.G. § 1B1.13 was amended on November 1, 2023 to reflect that a defendant is authorized to file a motion under 18 U.S.C. § 3582(a)(1)(A), meaning that the policy statement is now applicable to both defendant-filed and BOP-filed motions. See

U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), . . . ."); see also Roper, 72 F.4th at 1101 n.2 (noting that the new amendments "address[] defendant-filed motions"). (See also Doc. No. 1774 at 5-7.)

In his October 6, 2023 motion for compassionate release, Defendant argues that that an "extraordinary and compelling reasons" is present in his case because there is a dramatic sentencing disparity between the sentence he received in this case and the sentence he would have received under the current law. (Doc. No. 1768.) Specifically, Defendant argues that under the Ninth Circuit's recent decision in United States v. Castillo, 69 F.4th 648 (9th Cir. 2023), he would not qualify as a "career offender" had he been sentenced today, meaning that he would have received a much lower sentence than the Court imposed. (Doc. No. 1768 at 3-4, 12-21.)

Under U.S.S.G. § 1B1.13(b)(6), "a change in the law" can constitute an "extraordinary and compelling" reason in certain circumstances.[2] U.S.S.G. § 1B1.13(b)(6). But Defendant's compelling and extraordinary reason argument and reliance on Castillo in this case fails because if the Court were to sentence Defendant today, his resulting sentence would remain the exact same.

At the sentencing hearing in this case, the Court calculated Defendant's guideline range by starting with a base offense level of 32; adjusting the offense level up to 37 based on a "career offender" enhancement under U.S.S.G. § 4B1.1(b)(1); and subtracting three points for acceptance of responsibility under U.S.S.G. § 3E1.1(b), resulting in a total offense level of 34 and an advisory guideline range of 262 to 327 months. (Doc. No. 1266

---

[2]   The Government argues that subsection (b)(6) is "contrary to the [18 U.S.C. § 3582(c)]'s text, structure, and purpose, and therefore is invalid." (Doc. No. 1774 at 7-8, 11-21.) Because the Court denies Defendant's motion for compassionate release based on the reasons stated below, the Court declines to address the Government's argument that U.S.S.G. § 1B1.13(b)(6) is invalid.

at 21-22.) The Court then sentenced Defendant to 262 months in custody, the low end of the guideline range. (Id. at 22.)

The above calculations and the resulting sentence would remain the exact same even if Defendant were sentenced today because he would still be a "career offender" with a resulting adjusted offense level of 37 under the current sentencing guidelines. U.S.S.G. § 4B1.1 sets forth the "career offender" enhancement and provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). At sentencing, the Court relied on Defendant's 1999 conviction for possession for sale of a controlled substance in violation of California Health and Safety Code § 11378 and Defendant's 2002 conviction for offer to manufacture a controlled substance in violation of California Health and Safety Code § 11379(b) as the two underlying predicate "controlled substance offense[s]" for Defendant's "career offender" enhancement. (See Doc. No. 1266 at 22-23; Doc. No. 906, PSR ¶¶ 56, 59; see also Doc. No. 1450 at 6-7.)

Defendant argues that, following the Ninth Circuit's recent decision in Castillo, his 2002 conviction for offering to manufacture methamphetamine is no longer a qualifying predicate offense for a "career offender" enhancement under § 4B1.1(b)(1). (See Doc. No. 1768 at 3-4, 12-21.) But the Ninth Circuit's holding in Castillo is of no aid to Defendant.

The former version of § 4B1.2 defined the term "controlled substance offense" as "'[A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.'" Castillo, 69 F.4th at 652 (quoting U.S.S.G. § 4B1.2 (2021)). Application Note

1 to the former version of U.S.S.G. § 4B1.2(b) provided "that 'controlled substance offenses' 'include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.'" Id. (quoting U.S.S.G. § 4B1.2 (2021)).

In Castillo, the Ninth Circuit held that Application Note 1 to the former version of § 4B1.2 "improperly expands the definition of 'controlled substance offense' in U.S.S.G. § 4B1.2(b)." 69 F.4th at 651. As such, courts may not defer to Application Note 1 in determining whether a crime fits into § 4B1.2(b)'s definition of "controlled substance offense." See id. at 662–63 ("Because we find that § 4B1.2(b)'s definition of "controlled substance offense" is unambiguous, the Supreme Court's decision in Kisor now makes it impermissible to defer to Application Note 1 to determine whether conspiracy fits into this definition. (citing Kisor v. Wilkie, 139 S. Ct. 2400, 2415 (2019))).

But Castillo's holding is of no consequence here because § 4B1.2 was amended on November 1, 2023. The current version of § 4B1.2 deleted Application Note 1 and moved the relevant provision to the text of § 4B1.2(d), meaning that Castillo's holding regarding Application Note 1 is no longer applicable. See United States v. Portillo, No. 2:07-CR-00165-TLN, 2023 WL 5955999, at *2 (E.D. Cal. Sept. 13, 2023) (explaining that Castillo's holding is not applicable to the amended version of § 4B1.2 set to be enacted on November 1, 2023). The current version of § 4B1.2 defines a "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or
>
> (2) is an offense described in 46 U.S.C. § 70503(a) or § 70506(b).

U.S.S.G. § 4B1.2(b). The current version of § 4B1.2(d) further states: "**Inchoate Offenses Included.**--The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense." U.S.S.G. § 4B1.2(d).

   In light of this language in § 4B1.2(d), the Ninth Circuit has held in many cases that the definition of "controlled substance offense" in § 4B1.2 includes "offers" to engage in the prohibited conduct.  See, e.g., United States v. House, 31 F.4th 745, 753–54 (9th Cir. 2022) (holding that prior conviction for violation of "Montana's accountability statute[, which] include offers to engage in prohibited conduct" is a qualifying "controlled substance offense" under § 4B1.2); United States v. Crum, 934 F.3d 963, 967 (9th Cir. 2019) (holding that prior conviction for "offering to sell a controlled substance" is a qualifying "controlled substance offense" under § 4B1.2); United States v. Lee, 704 F.3d 785, 790 n.2 (9th Cir. 2012) (same); United States v. Sorenson, 818 F. App'x 668, 669 (9th Cir. 2020) (same); see also United States v. Shumate, 329 F.3d 1026, 1031-32 (9th Cir. 2003) (holding that "solicitation is within the Guidelines' definition of a controlled substance offense for purposes of § 4B1.1").  As such, Defendant's 2002 conviction for offering to manufacture methamphetamine still qualifies as a "controlled substance offense" under § 4B1.2, meaning that Defendant would still qualify for a "career offender" enhancement under § 4B1.1(b)(1) even if he were sentenced today.  See id. (See Doc. No. 1450 at 7 n.6.)

   In sum, even if the Court were to sentence Defendant under the current law and following the Ninth Circuit's decision in Castillo, Defendant would still qualify for a "career offender" enhancement under § 4B1.1(b)(1) resulting in an adjusted offense level of 37, and the Court would still make the same sentencing calculations that it did in determining his sentence.  Accordingly, Defendant has failed to demonstrate that the Ninth Circuit's decision in Castillo represents an "extraordinary and compelling reason" to reduce his sentence.  See, e.g., Portillo, 2023 WL 5955999, at *2 (finding "the Ninth Circuit's Castillo decision does not constitute an extraordinary and compelling circumstance"); see also United States v. Rocha, No. CR 20-31-BU-DLC, 2023 WL 7285634, at *3 (D. Mont. Nov. 3, 2023) ("The final problem with [defendant]'s motion, and his request to be resentenced, is that the guideline has been amended.  The Ninth

Circuit's holding in Castillo would be inapplicable to Defendant, because his conspiracy conviction would again qualify him for a career offender enhancement.").

### Conclusion

In sum, the Court concludes that there are no "extraordinary and compelling reasons" that would warrant a sentencing reduction in this case. In addition, after considering and weighing the § 3553(a) factors, the requested sentencing reduction is not warranted under the particular circumstances of the case. Accordingly, after considering Defendant's briefing and applying the relevant legal standards, and based on the current record, the Court denies Defendant's October 6, 2023 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

The Court orders the Clerk of Court to mail a copy of this order to Defendant at his listed address of record: Michael Edward Ottinger, Jr., 11193220, USP McCreary, United States Penitentiary, P.O. Box 3000, Pine Knot, KY 42635.

**IT IS SO ORDERED.**

DATED: December 18, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT