**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL EDWARD OTTINGER, JR. (1),<br><br>　　　　　　　　　　Defendant. | Case No.: 10-cr-05016-H-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a)**<br><br>[Doc. No. 1790.] |

On October 24, 2024, Defendant Michael Edward Ottinger, Jr., proceeding pro se, filed a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). (Doc. No. 1790.) For the reasons below, the Court denies Defendant's Rule 35(a) motion.

On October 6, 2011, the Government filed a second superseding indictment charging Defendant, among others, with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 46.) On June 4, 2012, Defendant, pursuant to a plea agreement, pled guilty before the Magistrate Judge to the single count of conspiracy to distribute methamphetamine charged in the second superseding indictment. (Doc. Nos. 641, 647, 652.) On June 7, 2012, the Magistrate Judge issued her findings and recommendation, finding that Defendant's plea of guilty was made knowingly

and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 643). On June 21, 2012, this Court adopted the findings and recommendation of the Magistrate Judge and accepted the Defendant's guilty plea to count 1 of the second superseding indictment. (Doc. No. 701.)

On December 3, 2012, the Court sentenced Defendant to a custodial term of 262 months (21 years and 10 months) followed by five years of supervised release. (Doc. Nos. 998, 1018.) The Court entered a judgment on December 5, 2012. (Doc. No. 1018.)

On November 18, 2013, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. (Doc. No. 1254.) On July 7, 2014, the Court denied Defendant's § 2255 motion, and the Court denied Defendant a certificate of appealability. (Doc. No. 1450.) Defendant appealed the Court's July 7, 2014 order to the United States Court of Appeals for the Ninth Circuit. (Doc. No. 1455.) On March 13, 2015, the Ninth Circuit denied Defendant's request for a certificate of appealability. (Doc. No. 1535.) On December 15, 2020, the Court granted Defendant's motion to compel U.S. Probation to amend his presentence report ("PSR"). (Doc. No. 1681.)

On September 22, 2022, Defendant filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 1739.) In support of his first motion for compassionate release, Defendant argued that two "extraordinary and compelling reasons" were present in his case. (Doc. No. 1739-1 at 1–2; Doc. No. 1761 at 1.) First, Defendant contended that the sentence he received containing a "career offender" enhancement is grossly disproportionate to the sentence he would have received had he been sentenced following the passage of the First Step Act. (Id.) Second, Defendant argued that his age and pre-existing medical conditions placed him at an increased risk of serious illness or death should he contract COVID-19. (Id. at 2.)

On April 17, 2023, the Court denied Defendant's first motion for compassionate release. (Doc. No. 1764.) In the order, the Court concluded that there were no

"extraordinary and compelling reasons" that would warrant a sentencing reduction. (See id. at 5–11, 14.) As to Defendant's argument regarding the First Step Act, the Court explained that the argument failed because even if the Court had sentenced Defendant after the passage of the First Step Act in 2018, he still would have qualified for a "career offender" enhancement under § 4B1.1(b)(1) resulting in an adjusted offense level of 37, and, therefore, the Court would have made the exact same sentencing calculations that it did in determining his sentence. (See id. at 5–11.) As to Defendant's argument regarding the COVID-19 pandemic, the Court noted that Defendant had received consistent treatment for his medical conditions, including receiving both doses of the Pfizer COVID-19 vaccine along with the Moderna booster, and that Defendant had contracted and recovered from COVID-19. (Id. at 11.) Thus, the Court concluded that Defendant's pre-existing medical conditions coupled with the COVID-19 pandemic were not an extraordinary and compelling reason to reduce his sentence. (Id.) In addition, the Court denied Defendant's first motion for compassionate release on the additional ground that after considering and weighing the § 3553(a) factors, the requested sentencing reduction was not warranted under the particular circumstances of Defendant's case. (See id. at 12–14.)

On May 8, 2023, Defendant appealed the Court's April 17, 2023 order denying his first motion for compassionate release to the Ninth Circuit. (Doc. No. 1765.) The Ninth Circuit subsequently dismissed that appeal for failure to prosecute. (Doc. No. 1777.)

On October 6, 2023, Defendant filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 1768.) In his second motion for compassionate release, Defendant argued that that an "extraordinary and compelling reasons" was present in his case because, under the Ninth Circuit's recent decision in United States v. Castillo, 69 F.4th 648 (9th Cir. 2023), he would not qualify as a "career offender" had he been sentenced today, meaning that he would receive a much lower sentence than the sentence the Court imposed. (Id. at 3-4, 12-21.)

On December 18, 2023, the Court denied Defendant's second motion for compassionate release. (Doc. No. 1775.) The Court first denied Defendant's second

motion for compassionate release on the ground that after considering and weighing the § 3553(a) factors, the requested sentencing reduction was not warranted under the particular circumstances of Defendant's case. (See id. at 5–7 (citing Doc. No. 1764 at 12–13).) In addition, the Court denied Defendant's second motion for compassionate release on the ground that he failed to demonstrate an extraordinary and compelling reason that would warrant a sentencing reduction. (See id. at 7–15.) Specifically, the Court explained that the Ninth Circuit's decision in Castillo did not constitute an extraordinary and compelling reason because "even if the Court were to sentence Defendant under the current law and following the Ninth Circuit's decision in Castillo, Defendant would still qualify for a 'career offender' enhancement under § 4B1.1(b)(1) resulting in an adjusted offense level of 37, and the Court would still make the same sentencing calculations that it did in determining his sentence." (Id. at 14.)

On January 3, 2024, Defendant appealed the Court's order denying his second motion for compassionate release to the Ninth Circuit. (Doc. No. 1778.) On August 20, 2024, the Ninth Circuit affirmed the Court's order denying Defendant's second motion for compassionate release. (Doc. No. 1789.) In the affirmance order, the Ninth Circuit stated: "The record reflects that the court fully considered appellant's arguments and did not abuse its discretion in concluding that they did not support relief under § 3582(c)(1)(A)." (Id.)

By the present motion, Defendant moves pursuant to Federal Rule of Criminal Procedure 35(a) to correct his sentence. (Doc. No. 1790 at 1, 6.) In his Rule 35(a) motion, Defendant again argues that his sentence should be corrected in light of the Ninth Circuit's recent decision in Castillo. (See id. at 2.)

"'A federal court generally "may not modify a term of imprisonment once it has been imposed."'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "A court may modify such a sentence only

'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" United States v. Aguilar-Reyes, 653 F.3d 1053, 1055 (9th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(1)(B)).

Federal Rule of Criminal Procedure 35(a) is entitled "Correcting Clear Error" and provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 35(a) "defines 'sentencing' as 'the oral announcement of the sentence.'" United States v. JDT, 762 F.3d 984, 1005 (9th Cir. 2014) (quoting Fed. R. Crim. P. 35(c)). The Ninth Circuit has held that Rule 35(a)'s "fourteen-day period to correct a sentence for arithmetical, technical, or other clear error is jurisdictional, and that a district court cannot adjust a sentence outside of the fourteen-day window even if the Rule 35(a) motion is filed within that window." Id.; see Aguilar-Reyes, 653 F.3d at 1055 ("This and other circuit courts have held that the fourteen-day deadline is jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days.").

In this case, the Court sentenced Defendant on December 3, 2012. (See Doc. No. 998.) In light of this, the fourteen-day window to correct Defendant's sentence pursuant to Rule 35(a) closed on December 17, 2012 – over a decade ago. As such, the Court lacks jurisdiction to consider Defendant's Rule 35(a) motion, and, therefore, the Court denies Defendant's Rule 35(a) motion. See JDT, 762 F.3d at 1005; Aguilar-Reyes, 653 F.3d at 1055; see, e.g., United States v. Anderson, No. 1:22-CR-00163-DCN, 2023 WL 5401324, at *1 (D. Idaho Aug. 21, 2023) ("Here, the fourteen-day window has long since closed. As such, the Court lacks jurisdiction to decide [defendant]'s Motion.").

**IT IS SO ORDERED.**

DATED: November 4, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT